# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| TSADOK ZIZI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.2:12-cv-00018-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| REPUBLIC MORTGAGE, LLC; WELLS FARGO | ) | |
| BANK, N.A.; NATIONAL DEFAULT SERVICING | ) | |
| CORPORATION; MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS (MERS); U.S. BANK | ) | |
| NATIONAL ASSOCIATION; AMERICA'S | ) | |
| SERVICING COMPANY; and DOES and ROES 1 - | ) | |
| 100, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Motion to Dismiss, or in the Alternative, For Summary Judgment (ECF No. 16) filed by Defendants Wells Fargo Bank, N.A. ("Wells Fargo") (improperly named as America's Servicing Company), Mortgage Electronic Systems, Inc. ("MERS"), U.S. Bank National Association, and America's Servicing Company (collectively, "Defendants"). Pro se Plaintiff Tsadok Zizi ("Plaintiff") filed a Response (ECF No. 19) and Defendants filed a Reply (ECF No. 22).

Also pending before the Court is Defendants' Motion for Decision on Defendants, Wells Fargo Bank, N.A., Mortgage Electronic Registration Systems, Inc. (MERS), U.S. Bank National Association and America's Servicing Company's Motion to Dismiss [Docket No. 16] or in the Alternative, Request for Hearing (ECF No. 23), and a second Motion for Hearing (ECF No. 45) on the Motion to Dismiss, or in the Alternative, For Summary Judgment (ECF No. 16).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## I.   BACKGROUND

Plaintiff purchased the property located at 7670 Rustic Galleon Street, Las Vegas, Nevada 89139 ("the Property") in July 2005.[1] (Req. for Judicial Notice Ex. 1, ECF No. 17.) Plaintiff executed a Loan (the "Note") and Deed of Trust (the "DOT") in favor of Republic Mortgage LLC for $304,850. (*Id.* at Exs. 1, 2.)  The lender and beneficiary of the DOT was Republic Mortgage.  MERS was the nominee for the beneficiary, and First American Title Company was the trustee. (*Id.* at Ex. 2).

At some point after Plaintiff executed the Note and the DOT, the loan was securitized. (Compl. ¶ 17, ECF No. 1.)  On April 21, 2009, National Default Servicing Company recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default"). (Req. for Judicial Notice Ex. 3.)  Subsequently, on July 23, 2009, National Default Servicing Company was substituted as Trustee under the Deed of Trust, and a Corporation Assignment of Deed of Trust transferred all beneficial interest to U.S. Bank, N.A. (*Id.* at Exs. 4, 5.)  Then, on July 23, 2009, July 14, 2010, and August 28, 2011, National Default Servicing Company filed a Notice of Trustee's Sale. (*Id.* at Ex. 6.)  On September 16, 2011, a Trustee's Deed Upon Sale was recorded. (*Id.* at Ex. 8.)

### A.   Procedural History

Plaintiff's Complaint is largely devoid of factual allegations; however, the procedural history of this case is relevant to the instant motion.  Specifically, although the most recent action was filed in January 2012, Plaintiff has a long history of litigation involving the Property.  In August 2009, Plaintiff filed a complaint in the Nevada state court related to the foreclosure on the Property. *See Zizi v. Republic Mortgage LLC*, No. 2:09-cv-02136-JCM-RJJ (hereinafter "2009 Case").  On November 6, 2009, Defendants removed that action to this

---

[1] The Court takes judicial notice of all of the documents attached to Plaintiff's and Defendants' pleadings and papers that have been recorded and are public records in the Clark County Recorder's Office. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Court.  The 2009 Case alleged eleven causes of action against ten defendants: (1) Truth in

Lending Act violations, (2) breach of the covenant of good faith and fair dealing, (3) quiet title,

(4) breach of fiduciary duty, (5) wrongful foreclosure, (6) suitability, (7) negligence,

(8) negligence per se, (9) negligent misrepresentation, (10) intentional misrepresentation, and

(11) unfair lending practices.  Plaintiff asserted these eleven claims against Republic Mortgage,

LLC, Nevada LLC, Master Financial, Inc., America's Servicing Company, Franklin Credit

Management Corporation, National Default Servicing Corporation, U.S. Bank, Wells Fargo,

Servicelink, and MERS.  In April 2010, Judge Mahan dismissed several defendants for

Plaintiff's failure to serve and the remainder of the complaint for failure to state a claim.  The

2009 case was dismissed without prejudice and the associated *lis pendens* was expunged.

Nearly 17 months later, in September 2011, Plaintiff filed an Amended Complaint, Notice of

*Lis Pendens*, and Motion for Temporary Restraining Order.  Plaintiff's motions were denied as

procedurally incorrect; however, Plaintiff was permitted to file a new lawsuit.

       Thus, in September 2011, (hereinafter "2011 case"), Plaintiff filed the Amended

Complaint as a new action against four of the same defendants: America's Servicing Company,

U.S. Bank, Servicelink, and MERS. *See Zizi v. U.S. Bank Nat'l Ass'n*, No. 2:11-cv-01511-

JCM-PAL.  This new action alleged several claims, some of which were the same from the

2009 case, including:  Truth in Lending Act violations, Fair Debt Collections Practices Act

violations, Home Ownership and Equity Protection Act violations, mail fraud and money

laundering, and nebulous claims for quiet title, predatory lending, and declaratory and

injunctive relief.  On December 12, 2011, Judge Mahan entered an Order dismissing Plaintiff's

complaint for failure to state a claim.[2]

---

[2] In the 2011 case, Plaintiff was proceeding *in forma pauperis*.  Accordingly, the magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915.  On November 22, 2011, the magistrate judge recommended dismissal for failure to state a claim.  Subsequently, on December 12, 2011, Judge Mahan agreed with and adopted the Magistrate Judge's Report and Recommendation in its entirety, which resulted in the dismissal of Plaintiff's complaint for failure to state a claim.

Less than one month later, on January 5, 2012, Plaintiff filed yet another Complaint thus originating the instant action.[3] (hereinafter "2012 case"). (*See* Compl., ECF No. 1.)  Once again, Plaintiff alleges claims against five of the same defendants as the 2009 case, and two from the 2011 case: Republic Mortgage LLC, National Default Servicing Corporation, U.S. Bank, Wells Fargo, and MERS.  Furthermore, Plaintiff alleges many of the same claims that he originally pleaded in his 2009 and 2011 cases and adds several new claims: (1) fraud in the inducement; (2) slander of title; (3) quiet title; (4) declaratory relief; (5) "violation of the laws of the United States District Court"; and (6) "unfair business practices in violation of California Business & Professional Code 17200 et seq."[4] (Compl. ¶¶ 71-134, ECF No. 1.)  Subsequently, on March 14, 2012, Plaintiff filed an Amended Complaint. (Am. Compl., ECF No. 6.) However, Plaintiff's Amended Complaint appears to be identical to his original Complaint except that his Amended Complaint appears to omit page fifteen, which states the final allegations related to Plaintiff's fraud in the inducement cause of action and the first allegations related to Plaintiff's cause of action for "slander of title." (*See generally id.* ¶¶ 85-94.)

Because Plaintiff failed to serve Republic Mortgage, LLC, this Court dismissed Plaintiff's claims as to Republic Mortgage in August 2012. (Order of Dismissal, ECF No. 33.) The remaining Defendants move to dismiss the complaint with prejudice, or in the alternative, for Summary Judgment.

Finally, the Court also notes that, on February 27, 2013, Magistrate Judge Leen entered an Order to Show Cause why this case should not be dismissed for his failure to respond to discovery, failure to appear for his continued deposition, failure to respond to Defendants' motions, failure to prosecute and failure to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice. (ECF No. 47.)  Magistrate Judge Leen further ordered that

---

[3] In the instant action, Plaintiff paid the filing fee rather than file *in forma pauperis*, thus avoiding the screening process.

[4] The complaint is a form complaint found at http://thehomesaversdirect.com/pdf/case_complaint.pdf.

Plaintiff respond to the Order to Show Cause by March 11, 2013. That deadline has passed and, as of the date of this Order, Plaintiff has failed to respond to the Order to Show Cause.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957

F.2d 655, 658 (9th Cir. 1992).

III.   **DISCUSSION**

    A.   **Fraud in the Inducement**

       To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b).  A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.*

       Under Nevada law, fraud occurs when a party intentionally makes a false representation to a plaintiff who in turn relies upon that false statement to his detriment.  *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1017 (Nev. 2004). Plaintiff's only allegation relating to reliance is that "Defendant's (sic) failure to discloses (sic) the material terms of the transaction induced Plaintiff to enter the loads (sic) and accept the Services." (Am. Compl. ¶ 74, ECF No. 6.)  Assuming this is true, the representation would have been made by the loan originator, Republic Mortgage LLC, who has since been dismissed for failure to serve. Thus, the claim is not viable as against all other defendants.

       Moreover, Plaintiff lumps all Defendants together and does not give Defendants any meaningful opportunity to refute or defend against the claims.  Additionally, Plaintiff fails to identify who made the misrepresentation, what the misrepresentation was, when or where the

misrepresentation was made, and how this induced Plaintiff into reliance.  Thus, the claim is insufficiently pled and is dismissed.

### B.   Slander of Title[5]

To state a claim for slander of title under Nevada law, a plaintiff must allege "false and malicious communications, disparaging to [his] title in land, and causing special damage."  *See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998).

Plaintiff's second claim alleges Defendants disparaged his title through the preparation and posting of the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed because at the time of posting, "Defendants had no right, title, or interest in the property." (Compl. ¶¶ 91-92, ECF No. 1.)  Plaintiff's entire argument is premised on alleged failures to "show proper receipt, possession, transfer, negotiations, assignments and ownership of the borrower's original Promissory Note and Deed of Trust resulting in imperfect security interest and claims." (*Id.* ¶ 2.)  This claim is premised on the theory that each assignment was fraudulent and thus, Defendants had no legal right to record any of the documents because Defendants had no interest in the property.  The "falsity" Plaintiff complains of is that the representations of an ownership interest in the property were false.  However, Plaintiff's entire argument is based on legal theories expressly rejected by this Court and the Ninth Circuit, namely "split the note," "securitization voids the deed of trust," and "sham beneficiary" theories. *See e.g. Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) (split the note); *Chavez v. Cal. Reconveyance Co.*, No. 2:10-cv-00325-RLH-LRL, 2010 WL 2545006 (D. Nev. June 18, 2010) (securitization voids the deed of trust);*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043–1044, 1047 (9th Cir. 2011)(sham beneficiary).  Plaintiff's Opposition to Defendants' Motion to Dismiss raises other failed theories, for example "split the note" and

---

[5] Because Plaintiff's Amended Complaint (ECF No. 6) omits the beginning allegations related to his Slander of Title cause of action, the Court refers to Plaintiff's original Complaint (ECF No. 1) when discussing this cause of action.

"show me the note" legal theories.  These legal theories have been expressly rejected by this Court and the Ninth Circuit. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011)(split the note); *Ernestberg v. Mortgage Investors Group*, No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241, *4–*5 (D.Nev. Jan. 22, 2009) (show me the note).  Thus, this claim fails as a matter of law and is dismissed.

### C.   Quiet Title

In Nevada, a quiet title action may be brought "by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010.  "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).  "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Lalwani v. Wells Fargo Bank, N.A.*, No. 2:11-cv-00084-KJD-PAL, 2011 WL 4574338, at *3 (D. Nev. Sept. 30, 2011).  Plaintiff has not alleged that he has paid any debt owed on the property.  Thus, he has not stated a claim for quiet title and the claim is dismissed.

### D.   Declaratory Relief

Plaintiff's fourth cause of action is not recognized as a cause of action in Nevada.  This is a remedy, not a claim.  Accordingly, this "cause of action" is dismissed with prejudice.

### E.   "Violation of the Laws of the United States District Court"

Plaintiff's fifth claim is not recognized as a cause of action in Nevada.  At best, it alleges "Defendants . . . cannot show valid recorded assignments," which is a variation of the fraud and slander of title claims.  As those two claims have been dismissed, this "cause of action" is also dismissed.

/ / /

/ / /

**F.    Unfair Business Practices in Violation of California Business & Professional Code 17200 et seq.**

Plaintiff's sixth cause of action asserts violations of California law, which are obviously not recognized as causes of action in Nevada.  However, considering the unintentional  inartful pleading of pro se litigants, the Court will construe this as a claim under Nevada's Deceptive and Unfair Trade Practices statutes, Nevada Revised Statutes Chapters 598 and 598A.

Courts have recognized that the Deceptive Trade Practices Act does not apply to real property transactions, but to the sale of goods and services. *See Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD–RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. [chapter] 598 ... applies only to goods and services and not to real estate loan transactions"); *see also Alexander v. Aurora Loan Servs.*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D.Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [N.R.S. Chapter 598] does not provide an avenue of relief to [p]laintiff."); *Parker v. Greenpoint Mortg. Funding*, No. 3:11-cv-00039-ECR-RAM (D. Nev. July 15, 2011) (N.R.S. chapter 598 "does not cover a mortgage foreclosure").  Also, Chapter 598A does not relate to real property or recordation of documents associated with real property.  Rather, Chapter 598A relates to antitrust and restraints on trade, neither of which are at issue here. Nev. Rev. Stat. §§ 598A.030-060.  Therefore, Chapter 598A does not provide Plaintiff with an avenue of relief.  Furthermore, amendment cannot cure the claim as it fails as a matter of law. Therefore, this claim is dismissed with prejudice as to all Defendants.

## IV.    LEAVE TO AMEND

With the filing of three lawsuits related to the foreclosure on the Property, Plaintiff has had at least three opportunities to cure any defect in his pleading.  Plaintiff's repeated failures to cure the deficiencies after they were pointed out by Judge Mahan on two prior occasions, demonstrates that further amendment is futile.  Moreover, Plaintiff has demonstrated continued

disregard for this Court's rules and procedures as is outlined in Magistrate Judge Leen's Order to Show Cause. (ECF No. 47.)  That Order, along with Plaintiff's litigation history related to the Property, shows that allowing Plaintiff an opportunity to amend his complaint for the fourth time, or filing a fourth lawsuit—as is Plaintiff's trend—would cause a severe undue prejudice to these Defendants, who have been parties to all three lawsuits and have been forced to defend against all three lawsuits.  Finally, most of Plaintiff's claims rely on failed legal theories and thus, the claims fail as a matter of law and amendment would be futile.  For these reasons, Plaintiff may not amend the complaint.  The Court dismisses Plaintiff's complaint with prejudice.

## V.    MOTIONS FOR HEARING OR DECISION

After filing their initial Motion to Dismiss, Defendants filed two other Motions Requesting Hearing or Decision on the initial motion.  The Motions do not require any response, meaning they are improperly submitted as "Motions."  Moreover, this Order renders those Motions moot, thus evidencing the senselessness of the Motions.  Thus, the "Motions" are inappropriate as their filing appears to be intended only to serve as "reminders" motivated by the Defendants' impatience in waiting for a decision.

The Court reminds counsel that a motion requesting the Court to do what it is already required to do under the pretense of judicial economy is impertinent and exacerbates an already overcrowded docket.  Currently, in the District of Nevada, four judges oversee the cases previously handled by seven judges.  Further, this District's caseload has nearly doubled since it was fully staffed six years ago.  Therefore, defense counsel should not file unnecessary and inappropriate repetitive motions that waste already overburdened judicial resources, as it is only

/ / /

/ / /

/ / /

adding to the problem, not assisting it.  The Court refers counsel to Local Rule 7-6,[6] which

outlines the proper mechanism by which counsel may bring pending matters to the Court's

attention to verify that the pending motion has not been miscategorized or otherwise "fallen

through the cracks."

## VI.  <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 16) filed by

Defendants Wells Fargo, MERS, U.S. Bank National Association, and America's Servicing

Company is **GRANTED.**  Plaintiff's Complaint is **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that Defendants' Motions for Hearing or Decision (ECF

Nos. 23, 45) are **DENIED as procedurally improper**.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this 27th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge

---

[6] LR 7-6 states in relevant part: "[C]ounsel may send a letter to the Court at the expiration of sixty (60) days after any matter has been, or should have been, fully briefed if the Court has not entered its written ruling. If such a letter has been sent and a written ruling still has not been entered one hundred twenty (120) days after the matter has been or should have been fully briefed, any unrepresented party or counsel may send a letter to the Chief Judge, who shall inquire of the judge about the status of the matter."